Mr. Chief Justice Sharkey
delivered the opinion of the court-
The declaration contains a special count, and also the money counts, the instrument sued on being in the following words: “ Received of Thomas B. Ives, by the hands of H. McRee, five hundred dollars, in addition to four hundred, making nine hundred dollars, on my cotton, to be delivered at Sardinia, at ten cents per lb. he taking my whole crop, and paying the balance so soon as delivered. December 26, 1837. Jas. M. Morrison.” The plaintiff proved by McRee, who was Ives’s agent for the *659 purchase of cotton, the payment of the money. The witness stated that Morrison notified him of the delivery of the cotton, and demanded the money, and that Ives had not the money at any time during the season, and of course had not been prepared to pay. Another witness stated that in December, 1837, or January, 1838, Morrison hauled sixty-three bales of cotton to the port or landing, which was half a mile or more from Sardinia, but which was the usual place for delivering cotton, being the place at which it was shipped. One Barfield offered to pay the money for the cotton, and to take Ives’s contract, but Morrison refused, saying that no one but Ives should have it. The cotton remained at the landing until March. Ives states to another witness that his only reason for not taking the cotton, was that he had not the money. Morrison stated to another witness that he did not care whether Ives took the cotton or not, as he could do as well, or better, by shipping it. Morrison afterwards shipped the cotton to New Orleans, and failed to realize as much for it as Ives had agreed to give. The defendant filed a bill of discovery, but the material allegations being denied, it furnishes no additional evidence which could materially vary the aspect of the case.
On this state of facts the court instructed the jury that the plaintiff was at liberty to abandon the special contract set out in the declaration, and might recover on the common counts; whereupon the jury found a verdict for the plaintiff for $1323, and the defendant moved for a new trial, and now assigns for error that the court erred in the instruction, and that the motion for a new trial was improperly overruled.
So long as a special contract exists in force, a plaintiff cannot resort to the common counts, unless he fail altogether in proving the special contract, and then it must be such a transaction as would entitle him to recover on the money counts, supposing there had been no special contract, but if there be any proof of a special contract he cannot recover. 4 Phil. Ev. 108, Am. ed. 1839.
Wherever the contract is special, and the payment of the money and delivery of the thing are concurrent acts, as they *660 were in this case, it is incumbent on the plaintiff, to entitle himself to damages for a breach of the contract, to aver in the declaration, and prove an offer to perform his part of the contract. Porter v. Rose, 12 Johns. R. 209; Morton v. Lamb, 7 Term R. 125.
But these rules are based upon the supposition that the contract still continues in force, and do not apply if the contract has been rescinded by mutual consent, or abandoned by the defendant, and the action be brought, not for damages, but for money paid on the contract. It is not easy to distinguish this case from the case of Raymond v. Bearnard, 12 Johns. R. 274. Morrison, it seems, treated the contract as at an end, by selling the cotton a short time after it was to have been delivered. His expression that he did not care whether Ives took the cotton or not, when taken in connection with the subsequent sale of the cotton, certainly goes very far to establish an abandonment of the contract. It is, moreover, doubtful whether the delivery at the landing was a delivery within the meaning of the contract. But these were questions of fact, and do not seem to have been raised on the trial below. Ives, too, may have abandoned the contract before any act of abandonment on the part of Morrison, and in such case he forfeited his right to recover the money paid. The charge seems to have been given without reference to either of these questions. If the court had added to the charge that Ives was entitled to recover if Morrison had put an end to the contract, then it would have been well enough. But the charge is in general terms, that he had a right to abandon the special contract, and recover on the money counts. The abandonment must precede the action, for if the contract be in force, it cannot be abandoned at the trial. The charge was calculated to mislead the jury, and it may have had that effect.
Judgment reversed, and cause remanded.